**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4490

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENE VALLADARES,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:03-cr-00703-GRA-1)

Submitted:  April 6, 2007          Decided:  August 17, 2007

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Isaac Louis Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rene Valladares pled guilty to one count of conspiracy to possess with intent to distribute and conspiracy to distribute five kilograms or more of cocaine and fifty kilograms or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2000), and three counts of using a telephone to facilitate a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) (2000). He appeals his 360-month prison sentence, arguing that the district court erred by enhancing his sentence after finding that Valladares was a leader of the conspiracy.

Valladares's sentence was reentered by the district court in the course of a proceeding under 28 U.S.C. § 2255 (2000). He argues that the court should have conducted a formal resentencing hearing at that time. We have recently held that, in circumstances such as those present here, a formal resentencing is not necessary when the district court merely corrects a sentence pursuant to § 2255. See United States v. Hadden, 475 F.3d 652, 667-69 (4th Cir. 2007). Accordingly, the only issue before us is the district court's application of the role enhancement at Valladares's original sentencing.

A district court's determination of the defendant's role in the offense is reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). A four-level adjustment for role in the offense is appropriate when "the defendant was an

- 2 -

organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual § 3B1.1(a). We have reviewed the record, the district court's findings, and the briefs of the parties on appeal, and we conclude that the district court's application of the role enhancement was not clearly erroneous.

Accordingly, we affirm Valladares's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED